# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Civil Division

**RYAN G. CARTER**
7616 W. Courtney Campbell Causeway
Apt. 301
Tampa, Florida 33607

and

**KATHLEEN E. COLE**
7616 W. Courtney Campbell Causeway
Apt. 301
Tampa, Florida 33607

      Plaintiffs,

v.

**THE UNITED STATES OF AMERICA**

    <u>SERVE ON</u>:
    Merrick B. Garland, Esquire
    Office of the Attorney General
    United States Department of Justice
    950 Pennsylvania Avenue, NW
    Washington, DC 20530

    Jonathan Lenzner, Esquire
    United States Attorney's Office
    District of Maryland
    36 S. Charles Street, 4th Floor
    Baltimore, MD 21201

    Kristina Schlieter, Esquire
    Department of the Navy
    Office of the Judge Advocate General
    Tort Claims Unit
    9620 Maryland Avenue, Suite 205
    Norfolk, VA 23511

    Defendants.

CASE NO.:  1:21-cv-1315

## COMPLAINT AND ELECTION FOR JURY TRIAL

COME NOW the Plaintiffs, Ryan G. Carter and Kathleen E. Cole, by and through their undersigned attorneys, Brian S. Brown, Christopher T. Casciano, Kristin R. Hosseinzadeh, and Brown & Barron, LLC, and hereby sue the Defendant, The United States of America, and for grounds in support thereof, state as follows:

## PROCEDURAL HISTORY

1.     This matter was filed with the Maryland Health Care Alternative Dispute Resolution Office on or about November 25, 2020. A copy of the Statement of Claim is attached hereto as ***Exhibit 1*** and prayed to be taken as part hereof.

2.     The Plaintiffs filed a Certificate of Qualified Expert and Preliminary Report of Paul E. Kaloostian, M.D., with the Maryland Health Care Alternative Dispute Resolution Office on or about November 25, 2020. A copy of the Certificate of Qualified Expert and Preliminary Report is attached hereto as ***Exhibit 2*** and prayed to be taken part hereof.

3.     The Plaintiffs also filed a Notice of Election to Waive Arbitration, pursuant to MD. CTS. & JUD. PROCS. CODE ANN. § 3-2A-06A, in the Maryland Health Care Alternative Dispute Resolution Office on November 25, 2020. A copy of the Notice of Election to Waive Arbitration is attached hereto as ***Exhibit 3*** and prayed to be taken part hereof.

4.     On or about December 8, 2020, an Order of Transfer was issued by the Maryland Health Care Alternative Dispute Resolution Office, transferring this case to the United States District Court for the District of Maryland. A copy of the Order of Transfer is attached hereto as ***Exhibit 4*** and prayed to be taken part hereof.

5.     These claims were properly filed in the Maryland Health Care Alternative Dispute Resolution Office and were properly waived out to the United States District Court for the District

of Maryland pursuant to MD. CTS. & JUD. PROCS. CODE ANN. § 3-2A-06A. All conditions precedent to the filing of these claims have been met.

6.     The Plaintiffs relate back to, repeat, re-allege, adopt, and incorporate by reference the Statement of Claim filed in the Maryland Health Care Alternative Dispute Resolution Office on or about November 25, 2020.

## PARTIES

7.     The Plaintiff, Ryan G. Carter, is and was an adult individual, and a citizen of the United States of America, who currently resides at the above-captioned address.

8.     The Plaintiff, Kathleen E. Cole, is and was an adult individual, and a citizen of the United States of America, who currently resides at the above-captioned address.

9.     At all times relevant and material hereto, Plaintiffs, Ryan G. Carter and Kathleen E. Cole, were and are lawfully married as husband and wife.

10.     At all times relevant and material hereto, the Defendant, The United States of America, is and was a federal governmental entity amendable to suit in this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671, *et seq.*

11.     At all times relevant and material hereto, the Defendant, The United States of America, was engaged in the provision of health care services, including the provision of neurologic, orthopaedic, anesthesia, surgical, and other medical services, advice, care and treatment to individuals in need thereof.

12.     At all times relevant and material hereto, the Defendant, The United States of America, was providing medical services at the Walter Reed National Military Medical Center in Bethesda, Maryland.

13.     At all times relevant and material hereto, the Defendant, The United States of America, acted directly and/or by and/or through its actual and/or apparent agents, servants, and/or employees, including, but not limited to, the following health care providers: Bradley A. Dengler; Anthony P. Briscoe; Brian P. Curry; Matthew B. Hoch; Jonathan Deeth; Mathew Schmidt; John M. Dunford; Kyler Akers; Jacob O'Fullton; Jacinta Crawford; Alexander Jones; Knight Spenser; Marc Vecchio; Sukhwant K. Gill; John Dulaney; Karla H. Edwards; Alexander Jones; Regina Rivers; Erica L. Blanche; Maya C. Sahajwalla; Nicholas S. Szuflita; Etane A. Hunt; Marko Benito; William Cronin; Wayne Schmidt; Chase Kissling; Scott Stevens; Melissa Pierre; Michael Orestes; Dr. Dunford; and/or others, all of whom were acting within the course and scope of their office or employment, as set forth in 28 U.S.C. § 2675(a).

14.     At all times relevant and material hereto, the Defendant, The United States of America, acting directly and/or by and/or through its actual and/or apparent agents, servants, and/or employees, including, but not limited to, the aforementioned health care providers, held itself out as a health care provider that would render reasonably competent health care services to those individuals who came under its professional care.

## JURISDICTION AND VENUE

15.     Subject matter jurisdiction exists over this action against the Defendant, The United States of America, pursuant to 28 U.S.C. § 1346(b), and venue is appropriate in the United States District Court for the District of Maryland, pursuant to 28 U.S.C. § 1391(b), as the place wherein the events or omissions giving rise to the claim occurred.

16.     The amount in controversy exceeds One Hundred Thousand Dollars ($100,000.00), exclusive of interest and costs.

17.    This case is being asserted against the Defendant, The United States of America, pursuant to and in compliance with 28 U.S.C. §2671, *et seq.*, commonly referred to as the Federal Tort Claims Act (hereinafter "FTCA"), as well as 10 U.S.C. §2733, *et seq.*, commonly referred to as the National Defense Authorization Act (hereinafter "NDAA").

18.    Liability of the Defendant, The United States of America, is predicated, in part, upon 28 U.S.C. §1346 and §2674, and the FTCA, due to personal injuries and damages proximately caused by the negligence, wrongful acts, and/or omissions of employees of The United States of America occurring at the Walter Reed National Military Medical Center, while acting within the course and scope of their office, agency, and/or employment, under circumstances where The United States of America, if a private person, would be liable to Plaintiffs in the same manner and to the same extent as a private individual under the laws of the State of Maryland.

19.    Liability of the Defendant, The United States of America is also predicated, in part, upon 10 U.S.C.§§ 2733 and 2733(a), and the NDAA, due to personal injuries and damages proximately caused by the medical malpractice of a Department of Defense health care provider acting within the course and scope of their employment at the Walter Reed National Military Medical Center, a covered military treatment facility.

20.    The Plaintiffs have exhausted all administrative remedies and have fully complied with the provisions of 28 U.S.C. § 2675 of the FTCA, as well as 10 U.S.C.§§ 2733 and 2733(a) of the NDAA, in that these claims were instituted with The United States of America on or before March 24, 2020, with timely and proper notice provided in accordance with Standard Form 95, as evidenced by the following: ***Exhibit 5*** (FTCA Civilian Claims of Ryan G. Carter and Kathleen E. Cole served upon the Department of Justice on March 24, 2020); ***Exhibit 6*** (Military Claims of

Ryan G. Carter and Kathleen E. Cole served upon the Department of Justice on March 24, 2020); **Exhibit 7** (FTCA Civilian Claims of Ryan G. Carter and Kathleen E. Cole served upon the Department of Defense on March 24, 2020)\; **Exhibit 8** (Military Claims of Ryan G. Carter and Kathleen E. Cole served upon the Department of Defense on March 24, 2020); **Exhibit 9** (FTCA Civilian Claims of Ryan G. Carter and Kathleen E. Cole served upon the U.S. Attorney's Office for the District of Maryland on March 24, 2020), **Exhibit 10** (Military Claims of Ryan G. Carter and Kathleen E. Cole served upon the U.S. Attorney's Office for the District of Maryland on March 19, 2020); **Exhibit 11** (May 27, 2020 Letter from the Department of Defense/Department of the Navy confirming receipt of the Claims of Ryan G. Carter and Kathleen E. Cole; **Exhibit 12** (September 15, 2020 Letter from the Department of the Air Force confirming receipt of the Claims of Ryan G. Carter and Kathleen E. Cole); and **Exhibit 13** (April 2, 2020 Letter from the Department of Justice confirming receipt the Claims of Ryan G. Carter and Kathleen E. Cole).

21.     Pursuant to the provisions of 28 U.S.C. § 2675(a) of the FTCA, and the failure of the Defendant, The United States of America, to make final disposition of Plaintiffs' claims within six months after the claims were filed on March 24, 2020, Plaintiffs' claims were effectively denied as of September 24, 2020.

## FACTS COMMON TO ALL COUNTS

22.     Plaintiffs repeat, re-allege, adopt, and incorporate by reference paragraphs 1-21 of this Complaint as if fully set forth herein.

23.     In April 2018, Ryan G. Carter (DOB: 03/21/1975) was a 43-year-old inactive duty Air National Guard Staff Sargent, with a medical history that included degenerative cervical disk disease, chronic neck pain, difficulty with fine motor skills, as well as numbness and tingling in his fingers.

24.     On or about April 6, 2018, Mr. Carter presented to the Walter Reed National Military Medical Center in Bethesda, Maryland, for anterior cervical discectomy and fusion ("ACDF") surgery in connection with a diagnosis of cervical spondylotic myelopathy.

25.     The procedure was performed by Bradley A. Dengler, M.D., with general endotracheal tube anesthesia administered and monitored by the anesthesia team.

26.     Intraoperative neurophysiological monitoring was utilized for both somatosensory evoked potentials ("SSEPs") and motor evoked potentials ("MEPs"). Baseline MEPs and SSEPs were recorded.

27.     Intraoperatively, the procedure was complicated by a loss and/or depression in neurophysiological signals during the negligent placement of a trial spacer at the C4/5 level.

28.     After the discectomy was completed, Mr. Carter was awoken from anesthesia and unable to move his extremities.

29.     Thereafter, Mr. Carter was again sedated and sent emergently for an MRI to evaluate for injury to his cervical cord. The results of the MRI showed a slight increase in the T2 signal within the spinal cord at the C4/5 level.

30.     Given the T2 hyperintensities, Mr. Carter underwent a posterior C3-6 laminectomy and fusion that same day. The second surgical procedure was recommended and performed by Dr. Dengler.

31.     Postoperatively, Mr. Carter was transferred to the Surgical ICU, intubated and sedated, and with persistent motor and sensory deficits.

32.     Upon admission to the ICU, he was reported to have an ASIA A spinal cord injury with a motor score of two (2).

33.     In the hours and days that followed, Mr. Carter underwent examination and testing, including CT, MRI, and ultrasound imaging to determine the cause, nature, and extent of his diminished postoperative neurological function and pain.

34.     The findings of a postoperative MRI showed "persistent severe spinal canal stenosis from C3-C5" indicating that the surgery was unsuccessful.

35.     Mr. Carter was monitored in the Walter Reed SICU for approximately three (3) weeks as a result of his recent spinal cord injury.

36.     His hospital course was complicated by a left upper extremity deep vein thrombosis ("DVT") for which he was initially anticoagulated with heparin and later transitioned to Lovenox (enoxaparin).

37.     Throughout his hospital stay, Mr. Carter was followed by wound care, physical therapy, recreational therapy, and occupational therapy.

38.     On or about April 25, 2018, Mr. Carter was discharged from Walter Reed National Military Medical Center and transferred to the Hunter Holmes McGuire VA Medical Center in Richmond, Virginia, for comprehensive spinal cord injury rehabilitation therapy.

39.     As a resident inpatient at the Hunter Holmes McGuire VA Medical Center, Mr. Carter received continued rehabilitation therapy for ASIA B tetraplegia due to his April 6, 2018 spinal cord injury, as well as ongoing treatment for his neurogenic bladder, neurogenic bowel, oropharyngeal dysphagia, pressure ulcers of sacral and gluteal regions, spasticity, obstructive sleep apnea, obstruction of the pelvic-ureteric junction, adjustment disorder with mixed emotions, generalized anxiety disorder, and depression.

40.     During his hospital stay, Mr. Carter underwent several operative procedures including the debridement of his right buttock wound, cystoscopy with left retrograde pyelogram, and cystoscopy and suprapubic catheter placement.

41.     On or about June 27, 2018, the Plaintiff, Ryan G. Carter's duty status was retroactively converted from "inactive duty" to "active duty" by way of an Air National Guard Call to Duty Order, with a retroactive start date of March 14, 2018. ***See Exhibits 14 and 15.***

42.     On or about April 8, 2019, Mr. Carter was discharged from the Hunter Holmes McGuire VA Medical Center and transferred to CareMeridian Nursing and Rehabilitation in Littleton, Colorado, for continued spinal cord injury rehabilitation in a subacute setting. Concurrent with his transfer, Mr. Carter was enrolled in the VA Eastern Colorado Health Care System in Aurora, Colorado.

43.     In April 2021, Mr. Carter relocated to Tampa, Florida to be closer to his family.  Mr. Carter continues to receive outpatient medical care and treatment, including rehabilitation therapy, through the James A. Haley Veterans' Hospital in Tampa, Florida, in connection with his tetraplegia and related injuries and damages.

44.     The following individual health care providers were involved with the Plaintiff, Ryan Carter's April 6, 2018, surgical procedure, and subsequent care: Bradley A. Dengler; Anthony P. Briscoe; Brian P. Curry; Matthew B. Hoch; Jonathan Deeth; Mathew Schmidt; John M. Dunford; Kyler Akers; Jacob O'Fullton; Jacinta Crawford; Alexander Jones; Knight Spenser; Marc Vecchio; Sukhwant K. Gill; John Dulaney; Karla H. Edwards; Alexander Jones; Regina Rivers; Erica L. Blanche; Maya C. Sahajwalla; Nicholas S. Szuflita; Etane A. Hunt; Marko Benito; William Cronin; Wayne Schmidt; Chase Kissling; Scott Stevens; Melissa Pierre; Michael Orestes; Dr. Dunford; and/or other yet to be identified health care providers.

## COUNT I
### (Medical Negligence)

45.     Plaintiffs repeat, re-allege, adopt, and incorporate by reference paragraphs 1 – 43 of this Complaint, as if fully set forth herein.

46.     At all times relevant and material hereto, the Defendant, The United States of America, acting directly and/or by and/or through its actual and/or apparent agents, servants, and/or employees, including, but not limited to, the following health care providers: Bradley A. Dengler; Anthony P. Briscoe; Brian P. Curry; Matthew B. Hoch; Jonathan Deeth; Mathew Schmidt; John M. Dunford; Kyler Akers; Jacob O'Fullton; Jacinta Crawford; Alexander Jones; Knight Spenser; Marc Vecchio; Sukhwant K. Gill; John Dulaney; Karla H. Edwards; Alexander Jones; Regina Rivers; Erica L. Blanche; Maya C. Sahajwalla; Nicholas S. Szuflita; Etane A. Hunt; Marko Benito; William Cronin; Wayne Schmidt; Chase Kissling; Scott Stevens; Melissa Pierre; Michael Orestes; Dr. Dunford; and/or other yet to be identified health care providers, practiced medicine in the State of Maryland, providing care in the fields of neurosurgery, orthopaedic surgery, anesthesiology, and otherwise, at the Walter Reed National Military Medical Center.

47.     At all times relevant and material hereto, the Defendant, The United States of America, acting directly and/or by and/or through its actual and/or apparent agents, servants, and/or employees, including, but not limited to, the following health care providers: Bradley A. Dengler; Anthony P. Briscoe; Brian P. Curry; Matthew B. Hoch; Jonathan Deeth; Mathew Schmidt; John M. Dunford; Kyler Akers; Jacob O'Fullton; Jacinta Crawford; Alexander Jones; Knight Spenser; Marc Vecchio; Sukhwant K. Gill; John Dulaney; Karla H. Edwards; Alexander Jones; Regina Rivers; Erica L. Blanche; Maya C. Sahajwalla; Nicholas S. Szuflita; Etane A. Hunt; Marko Benito; William Cronin; Wayne Schmidt; Chase Kissling; Scott Stevens; Melissa Pierre; Michael Orestes; Dr. Dunford; and/or other yet to be identified health care providers, owed to the

Plaintiffs a duty of care to exercise that degree of care, skill, and judgment ordinarily possessed by a reasonably competent health care provider, with similar education, training, and experience, and under like or similar circumstances.

48.     At all times relevant and material hereto, the Defendant, The United States of America, acting directly and/or by and/or through its actual and/or apparent agents, servants, and/or employees, including, but not limited to, the following health care providers: Bradley A. Dengler; Anthony P. Briscoe; Brian P. Curry; Matthew B. Hoch; Jonathan Deeth; Mathew Schmidt; John M. Dunford; Kyler Akers; Jacob O'Fullton; Jacinta Crawford; Alexander Jones; Knight Spenser; Marc Vecchio; Sukhwant K. Gill; John Dulaney; Karla H. Edwards; Alexander Jones; Regina Rivers; Erica L. Blanche; Maya C. Sahajwalla; Nicholas S. Szuflita; Etane A. Hunt; Marko Benito; William Cronin; Wayne Schmidt; Chase Kissling; Scott Stevens; Melissa Pierre; Michael Orestes; Dr. Dunford; and/or other yet to be identified health care providers, were negligent in their care and treatment of the Plaintiff, Ryan G. Carter, and breached the applicable standards of care in the following ways, amongst others:

   a.   Failure to adequately and appropriately perform an anterior cervical decompression and fusion (ACDF) procedure;

   b.   Failure to adequately and appropriately administer and manage anesthesia;

   c.   Failure to adequately and appropriately perform and manage intraoperative neuromonitoring;

   d.   Failure to adequately and appropriately recommend a posterior cervical decompression and fusion (PCDF) procedure so to avoid fusion-related complications such as instrumentation failure and revision surgery;

   e.   Failure to safely, adequately, and appropriately place a trial spacer at the cervical segment 4 and 5 (C4-C5) during the ACDF procedure;

   f.   Failure to timely, adequately, and appropriately use intraoperative fluoroscopy during the ACDF procedure;

11

g.  Failure to adequately and appropriately identify, isolate, and protect Plaintiff's vital neurological structures, including Plaintiff's spinal cord, so as not to cause traumatic and permanent iatrogenic injury;

h.  Failure to timely and appropriately recognize and/or appreciate the true and serious nature of Plaintiff's condition;

i.  Failure to timely and appropriately order and/or implement the necessary treatment and care in management of Plaintiff's true and serious condition;

j.  Failure to timely and appropriately order and/or perform diagnostic testing and other studies necessary to evaluate the true and serious nature of Plaintiff's condition;

k.  Failure to timely and appropriately refer Plaintiff to the necessary specialists, hospitals, and/or other health care providers in treatment of his true and serious condition.

l.  Failure to timely offer, recommend, and/or appropriately perform certain tests, studies, procedures, surgeries, and/or operations in management of Plaintiff's conditions;

m.  Failure to conduct and perform appropriate, timely and complete examinations, evaluations, and diagnostic testing;

n.  Failure to timely and adequately recognize, diagnose, and/or appropriately treat the Plaintiff's true and serious medical conditions;

o.  Failure to timely and appropriately react to signs, symptoms, and findings illustrative of the Plaintiff's true and serious medical conditions;

p.  Failure to obtain appropriate, timely, and necessary consultations with specialists and/or utilize information then known to the Defendant;

q.  Failure to order timely and appropriate interventions to prevent the Plaintiff's injuries and damages;

r.  Failure to exercise timely and appropriate decision making;

s.  Failure to accurately, completely, and consistently document Plaintiff's signs, symptoms, and other pertinent findings indicative of Plaintiff's true and serious medical conditions;

t.  Failure to timely and appropriately notify and inform Plaintiff's treating physicians, and/or others, regarding significant changes in Plaintiff's clinical condition, and to ensure that any issues were appropriately addressed in a timely

fashion;

u.  Failure to take the steps necessary to ensure that Plaintiff was not exposed to an unreasonable risk of harm or injury;

v.  Failure to provide informed consent; and

w.  The Defendant was in other ways negligent.

49.   As a natural, direct, and proximate result of the above-mentioned deviations from the applicable standards of care and other tortious conduct by the Defendant, The United States of America, Plaintiff, Ryan G. Carter, suffered and sustained significant and permanent injuries, losses, damages, and limitations, including, but not limited to:

a.  Conscious physical pain and suffering;

b.  Mental and emotional distress and anguish;

c.  Neurological injuries, damages, and disabilities;

d.  Severe bodily injuries;

e.  Physical impairment;

f.  Stress;

g.  Depression;

h.  Anxiety;

i.  Discomfort;

j.  Disability;

k.  Disfigurement;

l.  Scarring;

m.  Embarrassment;

n.  Inconvenience;

o.  Diminished quality of life;

p.   Loss of the ability to enjoy the normal pleasures of life;

q.   Loss of the ability to engage in life's usual activities;

r.   Loss of the ability to perform activities of daily living and household services;

s.   Unnecessary hospitalizations and procedures; interventions, and therapies;

t.   Additional medical conditions and diagnoses;

u.   Medical, surgical, hospital, nursing, therapy, rehabilitation, medication, equipment, counseling, custodial care, and other necessary expenses (past, present, and future);

v.   Loss of employment, wages, income, and earning capacity (past, present, and future); and

w.   Other compensable injuries, losses, damages, and negative sequelae.

50.     The injuries, losses and damages suffered and sustained by the Plaintiffs were due to the negligent and careless acts and omissions of the Defendant, The United States of America, acting directly and/or by and/or through its actual and/or apparent agents, servants, and/or employees, including, but not limited to, the following health care providers: Bradley A. Dengler; Anthony P. Briscoe; Brian P. Curry; Matthew B. Hoch; Jonathan Deeth; Mathew Schmidt; John M. Dunford; Kyler Akers; Jacob O'Fullton; Jacinta Crawford; Alexander Jones; Knight Spenser; Marc Vecchio; Sukhwant K. Gill; John Dulaney; Karla H. Edwards; Alexander Jones; Regina Rivers; Erica L. Blanche; Maya C. Sahajwalla; Nicholas S. Szuflita; Etane A. Hunt; Marko Benito; William Cronin; Wayne Schmidt; Chase Kissling; Scott Stevens; Melissa Pierre; Michael Orestes; Dr. Dunford; and/or other yet to be identified health care providers, all of whom were acting within the course and scope of their employment.

51.     All the injuries, losses, and damages complained of herein were naturally, directly, and proximately caused by the negligence and lack of due care by the Defendant, The United States of America, with no negligence or want of due care on the part of the Plaintiffs contributing thereto.

WHEREFORE, Plaintiffs bring this action against the Defendant, The United States of America, for all injuries, losses, and damages suffered and sustained by Plaintiffs, and for any other damages to which Plaintiffs are entitled, in the amount of Fifty Million Dollars ($50,000,000), an amount in excess of the required jurisdictional amount of the United States District Court for the District of Maryland, exclusive of interest and costs, and for any other legal or equitable relief as justice may require.

## COUNT II
### (Loss of Consortium)

52.     Plaintiffs repeat, re-allege, adopt, and incorporate by reference paragraphs 1-51 of the Complaint as if fully set forth herein.

53.     As a natural, direct, and proximate result of the negligent acts and/or omissions of the Defendant, The United States of America, the Plaintiffs, Ryan G. Carter and Kathleen E. Cole, who were then, and are now, lawfully married as husband and wife, were caused to suffer and sustain injury and damage to their marital relationship (otherwise known as a loss of consortium), including, but not limited to, a loss of companionship, loss of household services, loss of affection, loss of assistance, and loss or impairment of sexual relations.

54.     All the injuries, losses, and damages complained of herein were naturally, directly, and proximately caused by the negligence and lack of due care by the Defendant, The United States of America, with no negligence or want of due care on the part of the Plaintiffs contributing thereto.

WHEREFORE, Plaintiffs bring this action against the Defendant, The United States of America, for all injuries, losses, and damages suffered and sustained by Plaintiffs, and for any other damages to which Plaintiffs are entitled, in the amount of Fifty Million Dollars ($50,000,000), an amount in excess of the required jurisdictional amount of the United States

District Court for the District of Maryland, exclusive of interest and costs, and for any other legal or equitable relief as justice may require.

**COUNT III**
**(Informed Consent)**

55.     Plaintiffs repeat, re-allege, adopt, and incorporate by reference paragraphs 1-54 of the Complaint as if fully set forth herein.

56.     The Defendant, The United States of America, owed the Plaintiff, Ryan G. Carter, a duty to appropriately notify and counsel him, and/or his wife, regarding the material risks, benefits, and alternatives of all reasonable treatment options available to the Defendant in management of Plaintiff's true and serious medical conditions.

57.     Otherwise stated, the Defendant, The United States of America, was required to obtain Plaintiff's informed consent with respect to the diagnosis, treatment, and overall management of his true and serious medical conditions.

58.     The Defendant, The United States of America, failed to timely, adequately, completely, and appropriately obtain Plaintiff's informed consent.

59.     Had the Defendant timely, adequately, completely, and appropriately informed Plaintiff of the material risks and benefits associated with a cervical decompression and fusion procedure, as well as all reasonable alternatives and treatment options available to the Defendant, in management of Plaintiff's medical conditions, Plaintiff like any reasonable and prudent individual in a similar situation, would have elected to, amongst other things: (i) forego the April 6, 2018 cervical decompression and fusion procedure; (ii) undergo a different procedure; (iii) undergo appropriate, timely, and complete examinations, evaluations, and testing; (iv) receive timely, adequate, and appropriate diagnoses, treatment, and care; (v) timely consult with the

necessary and appropriate specialists; and (vi) undergo timely and appropriate medical, surgical, and other interventions.

60.     Plaintiffs further allege that, as a natural, direct, and proximate result of the Defendant's aforementioned failure to obtain Plaintiff's informed consent, Plaintiff has in the past, and will in the future, suffer and sustain the injuries, losses, and damages described elsewhere hereinabove, including, but not limited to:

      a.  Conscious physical pain and suffering;

      b.  Mental and emotional distress and anguish;

      c.  Neurological injuries, damages, and disabilities;

      d.  Severe bodily injuries;

      e.  Physical impairment;

      f.  Stress;

      g.  Depression;

      h.  Anxiety;

      i.  Discomfort;

      j.  Disability;

      k.  Disfigurement;

      l.  Scarring;

      m.  Embarrassment;

      n.  Inconvenience;

      o.  Diminished quality of life;

      p.  Loss of consortium;

      q.  Loss of the ability to enjoy the normal pleasures of life;

r.   Loss of the ability to engage in life's usual activities;

s.   Loss of the ability to perform activities of daily living and household services;

t.   Unnecessary hospitalizations and procedures; interventions, and therapies;

u.   Additional medical conditions and diagnoses;

v.   Medical, surgical, hospital, nursing, therapy, rehabilitation, medication, equipment, counseling, custodial care, and other necessary expenses (past, present, and future);

w.   Loss of employment, wages, income, and earning capacity (past, present, and future); and

x.   Other compensable injuries, losses, damages, and negative sequelae.

61.   Had the Defendant complied with the standards of care, and otherwise timely, adequately, completely, and appropriately obtained Plaintiff's informed consent, the Plaintiff, Ryan G. Carter, would have avoided all his injuries, losses, damages, and limitations.

62.   All the injuries, losses, and damages complained of herein were naturally, directly, and proximately caused by the negligence and lack of due care by the Defendant, The United States of America, with no negligence or want of due care on the part of the Plaintiffs contributing thereto.

WHEREFORE, Plaintiffs bring this action against the Defendant, The United States of America, for all injuries, losses, and damages suffered and sustained by Plaintiffs, and for any other damages to which Plaintiffs are entitled, in the amount of Fifty Million Dollars ($50,000,000), an amount in excess of the required jurisdictional amount of the United States District Court for the District of Maryland, exclusive of interest and costs, and for any other legal or equitable relief as justice may require.

Respectfully submitted,

**BROWN & BARRON, LLC**


*/s/ Christopher T. Casciano*
Brian S. Brown, Esquire
Federal Bar No. 05413
Christopher T. Casciano, Esquire
Federal Bar No. 29725
Kristin R. Hosseinzadeh, Esquire
Federal Bar No. 20336
7 St. Paul Street, Suite 800
Baltimore, Maryland 21202
bbrown@brownbarron.com
ccasciano@brownbarron.com
khosseinzadeh@brownbarron.com
T: (410) 547-0202
F: (410) 332-4509
*Attorneys for Plaintiffs*

## <u>ELECTION FOR JURY TRIAL</u>

COME NOW the Plaintiffs, Ryan G. Carter and Kathleen E. Cole, by and through their undersigned attorneys, Brian S. Brown, Christopher T. Casciano, Kristin R. Hosseinzadeh, and Brown & Barron, LLC, and hereby elect a trial by jury on all issues and counts raised herein.

Respectfully submitted,

**BROWN & BARRON, LLC**

*/s/ Christopher T. Casciano*
Brian S. Brown, Esquire
Federal Bar No. 05413
Christopher T. Casciano, Esquire
Federal Bar No. 29725
Kristin R. Hosseinzadeh, Esquire
Federal Bar No. 20336
7 St. Paul Street, Suite 800
Baltimore, Maryland 21202
bbrown@brownbarron.com
ccasciano@brownbarron.com
khosseinzadeh@brownbarron.com
T: (410) 547-0202
F: (410) 332-4509